# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | |
|---|---|
| MICHELLE L. LAMBERT, <br><br> Plaintiff, <br><br> v. <br><br> SYNERPRISE CONSULTING SERVICES, INC., <br><br> Defendant. | CIVIL ACTION <br><br> COMPLAINT 4:20-cv-00879 <br><br> JURY TRIAL DEMANDED |

## COMPLAINT

**NOW COMES** Michelle L. Lambert ("Plaintiff"), by and through the undersigned attorneys, complaining of the Defendant, Synerprise Consulting Services, Inc. ("Defendant") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for violations of the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. § 1692 and violations of the Texas Debt Collection Act ("TDCA") pursuant to Tex. Fin. Code Ann. § 392, *et seq.*

### JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court by the FDCPA and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

4. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Eastern District of Texas, Plaintiff resides in the Eastern District of Texas and Defendant maintains significant business contacts in the Eastern District of Texas.

## PARTIES

5. Plaintiff is a natural person over 18-years-of-age who is a "consumer" as the term is defined by 15 U.S.C §1692a(3).

6. Defendant is a debt collection agency with its headquarters located at 5651 Broadmoor Street Mission, Kansas 66202. Defendant's primary business purpose is collecting or attempting to collect, directly or indirectly, defaulted consumer debts owed or due or asserted to be owed or due to others using the mail and telephone, including consumers in the State of Texas.

## FACTS SUPPORTING CAUSE OF ACTION

7. Prior to the conduct giving rise to this action, Plaintiff defaulted on payments to Sprint Corporation ("subject debt").

8. At some point thereafter, Defendant acquired the subject debt for the purpose of collection.

9. In October 2020, Defendant began placing collection calls to Plaintiff's cellular telephone number (682) XXX-1031 attempting to collect on the subject debt.

10. At all times relevant Plaintiff was the sole subscriber, owner, possessor, and operator of her cellular telephone number ending in 1031. Plaintiff is and always has been financially responsible for this cellular telephone and its services.

11. On October 16, 2020, Plaintiff answered a call from Defendant and demanded that Defendant stop calling her.

12. Notwithstanding Plaintiff's demand for Defendant to stop calling her, Defendant placed numerous harassing phone calls to Plaintiff's cellular between October 2020 and the present day.

13. Defendant intentionally harassed and abused Plaintiff on numerous occasions by calling on back to back days, during periods of the day Defendant knew Plaintiff did not wish to be contacted, with such frequency as can be reasonably be expected to harass.

14. Defendant used multiple phone numbers to place calls to Plaintiff's cellular phone number, including (940) 277-2329, (972) 807-0940, and (817) 834-1216.

15. Upon information an belief, Defendant used multiple other phone numbers to contact Plaintiff without her consent.

### DAMAGES

16. Defendant's harassing phone calls have severely disrupted Plaintiff's daily life and general well-being.

17. Plaintiff has expended time and incurred costs consulting with her attorneys as a result of Defendant's false, deceptive, and misleading collection efforts.

18. Defendant's phone harassment campaign and illegal collection activities have caused Plaintiff actual harm, including but not limited to, invasion of privacy, nuisance, intrusion upon and occupation of Plaintiff's cellular telephone capacity, wasting Plaintiff's time, increased risk of personal injury resulting from the distraction caused by the phone calls, aggravation that accompanies unsolicited debt collection calls, harassment, emotional distress, anxiety, loss of concentration, diminished value and utility of her telephone equipment and telephone subscription services, debilitating Plaintiff's voicemail capacity, the wear and tear caused to her cellular telephone, the loss of battery charge, the loss of battery life, and the per-kilowatt electricity costs required to recharge her cellular telephone as a result of increased usage of her telephone services.

19. Concerned about the violations of her rights and invasion of her privacy, Plaintiff sought the assistance of counsel to permanently cease Defendant's collection efforts, incurring costs and expenses speaking with her attorneys.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

20. Plaintiff restates and realleges paragraphs 1 through 19 as though fully set forth herein.

21. Plaintiff is a "consumer" as defined by FDCPA §1692a(3).

22. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

23. Defendant is a "debt collector" as defined by §1692a(6) because it regularly collects debts and uses the mail and/or the telephones to collect delinquent credit card accounts allegedly owed to a third party.

24. Moreover, Defendant is a "debt collector" because it acquired rights to the subject debt after it was in default. 15 U.S.C. §1692a(6).

25. Defendant used the phone to attempt to collect the subject debt and, as such, engaged in "communications" as defined in FDCPA §1692a(2).

26. Defendant's communications to Plaintiff were made in connection with the collection of the subject debt.

27. Defendant violated 15 U.S.C. §§ 1692c(a)(1), d, and d(5) through its unlawful debt collection practices.

    **a. Violations of FDCPA § 1692c**

28. Defendant violated §1692c(a)(1) when it continuously called Plaintiff after being notified to stop on numerous separate occasions. This repeated behavior of systematically calling Plaintiff's cellular phone over and over after she demanded that it cease contacting her was harassing and abusive. Even after being told to stop contacting her, Defendant continued its onslaught of phone calls with the specific goal of oppressing and abusing Plaintiff into paying the subject debt.

29. Furthermore, Defendant has relentlessly called Plaintiff on numerous occasions and on back-to-back days. This volume of calls shows that Defendant willfully ignored Plaintiff's pleas with the goal of annoying and harassing her.

30. Defendant was notified by Plaintiff that the calls were not welcomed. As such, Defendant knew its conduct was inconvenient and harassing to her.

### b. Violations of FDCPA § 1692d

31. Defendant violated §1692d by engaging in abusive, harassing, and oppressive conduct by relentlessly calling Plaintiff's cellular phone seeking immediate payment on the subject debt. Moreover, Defendant continued placing the relentless calls after Plaintiff demanded that the calls cease.

32. Defendant violated §1692d(5) by causing Plaintiff's cellular phone to ring repeatedly and continuously in an attempt to engage Plaintiff in conversations regarding the collection of the subject debt with the intent to annoy, abuse, or harass Plaintiff. Specifically, Defendant placed or caused to be placed numerous harassing phone calls to Plaintiff's cellular phone without Plaintiff's consent.

33. As detailed above, Plaintiff was harmed by Defendant's conduct.

**WHEREFORE**, Plaintiff MICHELLE L. LAMBERT respectfully requests that this Honorable Court:

   a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;
   b. Award Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;
   c. Award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k; and
   d. Award any other relief as the Honorable Court deems just and proper.

## COUNT II – DEFENDANT'S VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT

34. Plaintiff restates and realleges paragraphs 1 through 33 as though fully set forth herein.

35. Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. § 392.001(1).

36. The subject debt is a "debt" and a "consumer debt" as defined by Tex. Fin. Code Ann. § 392.001(2) as it is an obligation, or alleged obligation, arising from a transaction for personal, family, or household purposes.

37. Defendant is a "debt collector" as defined by Tex. Fin. Code Ann. § 392.001(6) and (7).

### a.  Violations of TDCA § 391.302

38. The TDCA, pursuant to Tex. Fin. Code Ann. § 392.302(4), states that "a debt collector may not oppress, harass, or abuse a person by causing a telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass a person at the called number."

39. Defendant violated the TDCA when it called Plaintiff repeatedly despite her requests that the calls cease. The repeated calls were made with the hope that Plaintiff would succumb to the harassing behavior and ultimately make a payment on the subject debt.

40. Defendant systematically places these calls throughout any given day, even altering its phone number to deceive Plaintiff into answering the phone to induce payment on the subject debt.

41. Defendant placed these calls with such frequency that would make a reasonable person feel harassed.

**WHEREFORE**, Plaintiff MICHELLE L. LAMBERT requests that this Honorable Court:

   a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;
   b. Entitle Plaintiff to injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1);
   c. Award Plaintiff actual damages, pursuant to Tex. Fin. Code Ann. § 392.403(a)(2);

    d. Award Plaintiff punitive damages, in an amount to be determined at trial, for the underlying violations;

    e. Award Plaintiff costs and reasonable attorney fees as provided under Tex. Fin. Code Ann. § 392.403(b) ; and

    f. Award any other relief as the Honorable Court deems just and proper.

**Plaintiff demands trial by jury.**

Dated: November 13, 2020　　　　　　　　　　Respectfully Submitted,

　　　　　　　　　　　　　　　　　　　　　　/s/ Alexander J. Taylor
　　　　　　　　　　　　　　　　　　　　　　/s/ Marwan R. Daher
　　　　　　　　　　　　　　　　　　　　　　/s/ Omar T. Sulaiman
　　　　　　　　　　　　　　　　　　　　　　Alexander J. Taylor, Esq.
　　　　　　　　　　　　　　　　　　　　　　Marwan R. Daher, Esq.
　　　　　　　　　　　　　　　　　　　　　　Omar T. Sulaiman, Esq.
　　　　　　　　　　　　　　　　　　　　　　Sulaiman Law Group, Ltd.
　　　　　　　　　　　　　　　　　　　　　　2500 South Highland Avenue, Suite 200
　　　　　　　　　　　　　　　　　　　　　　Lombard, IL 60148
　　　　　　　　　　　　　　　　　　　　　　Telephone: (630) 575-8181
　　　　　　　　　　　　　　　　　　　　　　ataylor@sulaimanlaw.com
　　　　　　　　　　　　　　　　　　　　　　mdaher@sulaimanlaw.com
　　　　　　　　　　　　　　　　　　　　　　osulaiman@sulaimanlaw.com
　　　　　　　　　　　　　　　　　　　　　　*Counsel for Plaintiff*